IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

KAREEM ROCK

2:21-CR-00358-CCW-4

**MEMORANDUM ORDER**

Before the Court is Defendant Kareem Rock's "Pray [sic] for Abatement and Motion to Dismiss" (the "Motion"). *See* ECF No. 187. For the following reasons, Mr. Rock's Request and Motion will be DENIED.

**I.      Background**

Mr. Rock, who is proceeding pro se, has been charged in a two-count indictment with violations of 21 U.S.C. § 846 (Count I) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii) (Count II). *See* ECF No. 6. Mr. Rock was arraigned on January 31, 2022. *See* ECF No. 182. He filed the instant Motion the next day. *See* ECF No. 187. The Court ordered the government to file a response, *see* ECF No, 191, which it did on February 10, 2022. *See* ECF No. 195. Mr. Rock's Motion is therefore fully briefed and ripe for disposition.

Mr. Rock holds himself out as a "Moorish American," *see* ECF No. 183, and appears to subscribe to certain beliefs favored by so-called "sovereign citizens." His Motion consists of difficult to decipher, legalistic language. *See* ECF No. 187 at 1 ("The Secured Party and Trustee have chosen to approach this court with this Pray [sic] that the court abate the Instrument so it cannot in its present form, [sic] further restrain his liberties."). Because Mr. Rock is proceeding

pro se, the Court must construe his Motion broadly, and has endeavored to identify and address the arguments raised in the Motion. *See Higgs v. Att'y Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.") (citations omitted).

## II.   Discussion

First, Mr. Rock seeks abatement of charges brought against him pursuant to state law. *See* ECF No. 187 at 1–2 ("The (accusation—complaint) against KAREEM JABBAR ROCK II, a JURISTICPERSON, UNDER 35PA.Cons. Stat. § 780-113 – Possession of Controlled Substance, 75 PA. Con. Stat. § 1301, 3309, 3334, was given to the Secured Party and Tribal Trustee the day of the arrest."). Mr. Rock has been charged in this case with violations of federal law, so his arguments regarding state law charges are not relevant to this case.

Next, as a ground for abatement, Mr. Rock maintains that his "real name" is "Kareem Jabbar-El" and contends that "[m]y objections herein will make it possible for the complainant or accuser to issue a corrected writ, which is the primary purpose of matters in abatement." ECF No. 187 at 2. In ruling on the issue of identity at Mr. Rock's detention hearing on November 12, 2021, Magistrate Judge Parker of the Northern District of Ohio determined that "Kareem Jabbar Rock" and "Kareem Jabbar-El" are one and the same individual. *See* ECF No. 145 at 79:3–19. And, while Mr. Rock presented evidence at that hearing suggesting "he had taken steps to change [his name] in 2018 to Kareem Jabbar Lel [sic]," Mr. Rock has not presented any evidence to the Court showing that he has legally changed his name. *Id.* at 79:10–12. As such, to the extent Mr. Rock seeks some sort of correction to the charging document in this case, that request will be denied.

Mr. Rock's Motion next appears to argue that certain evidence, discovered by Pennsylvania law enforcement officers during a February 6, 2021, traffic stop in Jefferson County, Pennsylvania,

and the subsequent search of a hotel room, was illegally obtained.  ECF No. 187 at 2.  Mr. Rock's Motion, which refers only to Pennsylvania law, claims in conclusory fashion that the searches of the vehicle and hotel room were unlawful.  *Id.*  Aside from stating that he did not consent to the search of the vehicle, *see id.*, Mr. Rock does not explain why or how the searches allegedly violated federal law.  *See United States v. Bereznak,* 860 F. App'x 805, 809 (3d Cir. 2021) ("Even if we assume that the search violated state law, 'federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law.'") (quoting *United States v. Rickus*, 737 F.2d 360, 363 (3d Cir. 1984)).

Furthermore, while seeking the suppression of evidence is a proper ground for a pretrial motion, *see* Fed. R. Crim. P. 12(b)(3)(C), it is not a basis for the dismissal of an indictment.  *See United States v. Huet,* 665 F.3d 588, 594–95 (3d Cir. 2012) (noting that "'[i]t is well-established that "[a]n indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits,"'" and that "'[a] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.'") (quoting *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) and *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000)).  Indeed, the United States Court of Appeals for the Third Circuit has said that "an indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution,'" and that, in reviewing a motion to dismiss an indictment under Rule 12, "a district court must accept as true the factual allegations set forth in the indictment." *Huet*, 665 F.3d at 595 (citations omitted).  Thus,

because Mr. Rock does not appear to have raised any cognizable attack on the indictment, his Motion will be denied to the extent he seeks dismissal of the charges against him.

On the other hand, to the extent Mr. Rock's assertions regarding the traffic stop and hotel search are properly viewed as requests to suppress evidence, the Court will address those matters at the appropriate time in this case when ruling on pretrial motions.  The government provided Mr. Rock with Rule 16 discovery materials on January 31, 2022, *see* ECF No. 182, and Mr. Rock filed his Motion to Dismiss the next day.  He has since filed additional motions seeking further discovery.  *See* ECF Nos. 196 and 203).  And the government provided Mr. Rock with supplemental discovery on February 16, 2022 following the conclusion of a hearing on the government's motion for revocation of release order.  Because Mr. Rock has not yet had a full opportunity to review his discovery and to consider what pretrial motions he may wish to file, and because this is a multi-defendant case in which the pretrial motions deadline has not yet arrived, the Court will deny, without prejudice, Mr. Rock's Motion to the extent it seeks to challenge aspects of the February 2021 traffic stop or hotel search or evidence obtained from those events. *See also* ECF No. 204 (holding pretrial motions filed by Mr. Rock in abeyance pending expiration of co-defendants' pretrial motions deadlines) (citing 18 U.S.C. § 3161(h)(6)).  Mr. Rock may refile a pretrial motion seeking suppression of said evidence at an appropriate time in advance of his pretrial motions deadline.

Mr. Rock also appears to seek dismissal because "(p)laintiff failed to make a statement for relief in the accusing instruments" and "(p)laintiff was insufficient in servicing Notice of the Claim and insufficient in process of service."  ECF No. 187 at 3.  As noted above, Mr. Rock is charged with violations of federal criminal law in this case.  And, Mr. Rock's conclusory reference to the government's alleged failure to "make a statement for relief" does not identify any cognizable

defect in the institution of this case such that dismissal would be warranted. *See* Fed. R. Crim. P. 12. Furthermore, the Court is unaware of any authority, and Mr. Rock does not identify any, requiring dismissal of criminal charges for defective service of process. As with his suppression arguments, denial of Mr. Rock's Motion with respect to these arguments will be without prejudice and he will be permitted to file pretrial motions after he has had a full opportunity to review his discovery.

Finally, Mr. Rock claims that the Court lacks jurisdiction, and that venue is improper in the Western District of Pennsylvania. *See* ECF No. 187 at 3. Mr. Rock has been charged with violations of federal law. Therefore, the Court has jurisdiction under Article III of the U.S. Constitution and 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). *See also United States v. Young*, 735 F. App'x 793, 795–96 (3d Cir. 2018) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.") (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011)). Mr. Rock's Motion, to the extent it challenges jurisdiction, will therefore be denied with prejudice. *See United States v. Rinaldi,* No. 3:18-CR-279, 2019 U.S. Dist. LEXIS 217581 (M.D. Pa. Dec. 18, 2019) ("'A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law.'") (quoting *United States v. Rendon*, 354 F.3d 1320, 1326 (11th Cir. 2003)).

Next, "venue must be analyzed independently for each count." *United States v. Auernheimer*, 748 F.3d 525, 535 (3d Cir. 2014) (citing *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009)). In determining whether venue is proper, the Court "'must [1] initially identify the

conduct constituting the offense…and then [2] discern the location of the commission of the criminal acts.'" *Id.* at 532 (citation omitted).  Venue is proper as to Count I because acts in furtherance of the criminal conspiracy Mr. Rock is alleged to have been part of took place in this district.  ECF No. 6;  *see* U.S. Const. art.  III, § 2;  *see also Auernheimer*, 748 F.3d at 533 ("In the context of a conspiracy charge, 'venue can be established wherever a co-conspirator has committed an act in furtherance of the conspiracy.'") (quoting *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002)).  As to Count II, venue is proper because acts in furtherance of the alleged crime— possession with the intent to distribute controlled substances—are alleged to have occurred in this district.  ECF No. 6;  *See United States v. Stallings,* 701 F. App'x 164, 169–70 (3d Cir. 2017) (finding venue proper for drug trafficking charge because "any offense 'begun in one district and completed in another…may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.'") (quoting 18 U.S.C. § 3237(a)).  That said, because "[t]he Government must prove venue by a preponderance of the evidence," *Auernheimer*, 748 F.3d at 533 (citing *United States v. Root*, 585 F.3d 145, 155 (3d Cir. 2009)), Mr. Rock's Motion, to the extent it challenges venue will, be denied without prejudice.

### III.    Conclusion

For the foregoing reasons, Mr. Rock's Motion, ECF No. 187, is hereby DENIED WITHOUT PREJUDICE to the extent it seeks:  (1) a change in the charging documents as to his name;  (2) the suppression of any evidence;  and/or (3) dismissal based on improper venue.  On the other hand, Mr. Rock's Motion, to the extent it challenges jurisdiction, is hereby DENIED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 17th day of February, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record