IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

KAREEM ROCK

2:21-CR-00358-CCW-4

**MEMORANDUM ORDER**

Before the Court are two Motions filed by Defendant Kareem Rock, aka "Kareem Jabbar-El"[1] (hereinafter "Defendant"): (1) a Motion to Compel Discovery, ECF No. 196 and (2) a Motion for a Bill of Particulars, ECF No. 203. For the following reasons, Defendant's Request and Motion will be DENIED.

**I.    Background**

Defendant, who is proceeding pro se, has been charged in a two-count indictment with violations of 21 U.S.C. § 846 (Count I) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii) (Count II). *See* ECF No. 6. Defendant was arraigned on January 31, 2022. *See* ECF No. 182. He filed the instant Motions on February 11, 2022. *See* ECF Nos. 196 and 203. The Court ordered the Government to file a response, *see* ECF No, 205, which it did on February 22, 2022. *See* ECF No. 195. Neither party has requested an evidentiary hearing on either of Defendant's Motions, and the Court finds that one is not required. Defendant's Motions are therefore fully briefed and ready for disposition.

---

[1] According to Defendant, sometime in 2018 he changed his name to "Kareem Jabbar-El." *See* ECF No. 218 at 2. However, to date, the Court has not been presented with evidence that Defendant has taken the necessary steps to complete such a legal name change.

Finally, because Defendant is proceeding pro se, the Court must construe his Motions broadly, and has endeavored to identify and address the arguments raised by Defendant. *See Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.") (citations omitted).

## II.     Discussion

### A.  Defendant's Motion for a Bill of Particulars will be DENIED

First, Defendant seeks an order, under Federal Rule of Criminal Procedure 7(f), compelling the government to produce a bill of particulars "because the indictment does not provide Defendant with the appropriate information necessary to prepare his defense." ECF No. 203 at 2. Specifically, Defendant argues that the indictment, *see* ECF No. 6, "fails to specify with particularity the following: [t]he particular acts alleged [and] [t]he time and circumstances of the alleged acts." ECF No. 203 at 1.

"A bill of particulars is a 'formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor[.]'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting Black's Law Dictionary 177 (8th ed. 2004)). "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" *United States v. Hvizdzak*, No. 21-30E, 2022 U.S. Dist. LEXIS 18310 (W.D. Pa. Feb. 1, 2022) (Hardy, J.) (quoting *Urban*, 404 F.3d at 771). "Only where an indictment fails to perform these functions, and thereby 'significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]' will we find that a bill of particulars should have been issued." *Urban*, 404 F.3d at 771–72 (quoting *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989)). Whether to order the production of a bill of particulars is within the

discretion of the district court. *See* Fed. R. Crim. P. 7(f) ("The court may direct the government to file a bill of particulars."); *see also United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) ("The decision to grant a motion for a bill of particulars is a 'discretionary matter with the trial court.'") (citation omitted).

As an initial matter, therefore, the Court must determine whether the indictment against Defendant is sufficiently detailed under Rule 7(c)(1). *See Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (determining sufficiency of indictment before resolving appeal of denial of bill of particulars). "For an indictment to be sufficient, it must contain all the elements of a crime and adequately apprise the defendant of what he must be prepared to meet." *Moyer,* 674 F.3d at 203 (citing *Russell v. United States*, 369 U.S. 749, 763-766 (1962)). Indeed, "Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to be 'concise' and contain 'essential facts,' but does not require the indictment to include every fact to be alleged by the government." *Id.* at 203. Here, the indictment as to Defendant informs him of the specific crimes he is alleged to have committed, the approximate date(s) of said crimes, the type and quantity of the contraband substances he is alleged to have participated in trafficking, and the identities of his indicted alleged co-conspirators. *See* ECF No. 6. The Court therefore finds that the indictment is sufficient under Rule 7(c)(1), and that a bill of particulars is not warranted in this case. *See Urban*, 674 F.3d at 203–04 (affirming denial of bill of particulars where indictment was sufficient under Rule 7(c)(1)).

Accordingly, Defendant's Motion for a Bill of Particulars, ECF No. 203, will be denied.

## B. Defendant's Motion to Compel Discovery will be DENIED

Next, Defendant seeks an order compelling the Government to produce discovery materials. *See* ECF No. 196 at 1. In particular, Defendant contends that "[t]here is evidence

favorable to the [Defendant] that has yet to be given in Rule 16(c)" and that such evidence is necessary "so that the accused can properly prepare his defense." *Id.* Defendant further lists certain pieces/categories of evidence which he seeks. *See id.*

Defendant's Motion to Compel Discovery will be denied without prejudice as premature because, in essence, he is asking for "an order directing the government to comply with its disclosure obligations under the law, without suggestion of actual noncompliance." *United States v. Watson*, No. 2:20-cr-112-NR, 2020 U.S. Dist. LEXIS 226987, at *28–29 (W.D. Pa. Dec. 3, 2020) (Ranjan, J.) (denying motion to compel discovery as premature). Indeed, notwithstanding Defendant's statement that certain "favorable" evidence has yet to be provided to him, the Government has produced, to date, two sets of Rule 16 materials to Defendant. *See* ECF Nos. 229 and 230. In its response, the Government states that it "has complied with its discovery obligations under Federal Rule of Criminal Procedure 16 and intends to continue to do so. To the extent the pending motions request Rule 16 discovery information, the motions should be denied as moot because Rule 16 has been, and will continue to be, complied with." ECF No. 221 at 6. Furthermore, the Government notes that some of the specific items listed by Defendant in his Motion either do not exist or are not in the Government's possession. *See id.* at 7 (arguing "[t]he government is not required to produce evidence that it does not have or that does not exist.") (citations omitted).

Because it appears to the Court that the Government is complying with its obligations under Rule 16, Defendant's Motion to Compel will be denied as premature. Furthermore, considering the Government's acknowledgement of its ongoing discovery obligations, to the extent Defendant is seeking exculpatory materials under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, Defendant's Motion will also be denied. To be sure, "[i]t is well-settled that the government's

obligations under *Brady* require it to disclose actual exculpatory evidence without undue delay" and that "*Brady* impeachment material ordinarily must be disclosed 'in time for its effective use at trial.'" *United States v. Johnson*, 218 F. Supp. 3d 454, 459 (W.D. Pa. 2016) (quoting *United States v. Higgs*, 713 F.2d 39 (3d Cir. 1983)). However, given the Government's production of discovery materials to Defendant, and its acknowledgement of its ongoing disclosure obligations, Defendant's Motion is at this point premature.

All that said, the denial of Defendant's discovery motion will be without prejudice. After reviewing the discovery provided by the Government, Defendant should confer with the Government to determine "if any Rule 16 materials exist that have not been produced and, if no agreement can be reached with respect to those materials, file a motion identifying the specific materials in dispute and any legal authority supporting their disclosure." *Watson*, 2020 U.S. Dist. LEXIS 226987, at *28–29. Defendant may likewise, after reviewing the discovery in this case and conferring with the Government, file a renewed motion for production of exculpatory materials under *Brady* and *Giglio*.

### III.    Conclusion

For the foregoing reasons, Defendant's Motion for a Bill of Particulars, ECF No. 203, is hereby DENIED WITH PREJUDICE. Defendant's Motion to Compel Discovery, ECF No. 196, is hereby DENIED WITHOUT PREJUDICE; Defendant may file a renewed motion for discovery, if warranted, after reviewing the discovery and conferring with the Government.

IT IS SO ORDERED.

DATED this 1st day of March, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record