IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

            Plaintiff,

2:21-CR-00358-CCW-4

    v.

KAREEM ROCK,

            Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are three Motions filed by *pro se* Defendant Kareem Rock:  (1) a Motion

to Dismiss, under the Speedy Trial Act, 18 U.S.C. § 3161 *see* ECF No. 272;  (2) a Motion for a

Bill of Particulars, pursuant to Federal Rule of Criminal Procedure 7(f), *see* ECF No. 273;  and (3)

a Motion to Compel Disclosure and Discovery, regarding certain grand jury information, *see* ECF

No. 278.  For the reasons that follow, Defendant's Motion to Dismiss and Motion for a Bill of

Particulars will be DENIED and his Motion to Compel will be GRANTED IN PART.

## I.      Background

Defendant has been charged in this case in a two-count indictment with violations of 21

U.S.C. § 846 (Count I) and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), and

841(b)(1)(B)(viii) (Count II).  *See* ECF No. 6.  He was arraigned on January 31, 2022.  *See* ECF

No. 182.  He filed the instant Motions on April 21, 2022, *see* ECF Nos. 272, 273, and 278, and the

Government filed its Omnibus Response in Opposition, ECF No. 294, on May 18, 2022.  As such,

Defendant's Motions are ripe for disposition.

## II.     Discussion

### A.    No Speedy Trial Act Violation Has Occurred

Defendant argues that (1) the Government failed to indict him within 30 days following his arrest, *see* 18 U.S.C. § 3161(b) and (2) trial in this case did not commence within 70 days following the entry of a plea of not guilty.  *See* 18 U.S.C. § 3161(c)(1).  As such, Defendant contends that the charges against him must be dismissed pursuant to 18 U.S.C. 3162(a).  Defendant's argument rests on the bare number of calendar days that have elapsed since a given event—*see, e.g.,* ECF No. 272 at 1 (noting more than 180 days between Defendant's arrest by state police and filing of federal indictment)—however, Defendant has not identified the correct triggering event for his §3161(b) challenge, nor has he accurately accounted for excludable time under § 3161(h) as it relates to his § 3161(c)(1) challenge.

Under § 3161(b), "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  Importantly, however, the 30-day period is not necessarily triggered by a defendant's arrest on state charges.  Instead, "[w]ere, as here, the defendant is arrested on state charges and later indicted on federal charges, 'the right to a speedy trial in the federal case is triggered by the federal indictment, and the time period under consideration commences on that date.'"  *United States v. Costello*, 720 F. App'x 120, 123 (3d Cir. 2018) (quoting *United States v. Battis*, 589 F.3d 673, 679 (3d Cir. 2009).  "This is true even if the federal charge shares the same facts as the state case."  *Id.* (citing *United States v. Mills*, 964 F.2d 1186, 1189-90 (D.C. Cir. 1992)).  Furthermore, while the so-called "ruse" exception has been adopted by some Courts of Appeals, it has not been endorsed by the Third Circuit, nor has Defendant "shown that he would be entitled to invoke it under the circumstances of this case."  *Id.* (quoting *United States v. Dyer*, 325 F.3d 464, 468 (3d Cir. 2003)).

Here, Defendant was arrested by state police on or about February 24, 2021.  That arrest, however, did not trigger the 30-day arrest-to-indictment clock under the Speedy Trial Act.  Instead, although Defendant was indicted on August 24, 2021, he was not arrested on the currently pending federal charges until on or about November 5, 2021.  Therefore, because the federal indictment preceded Defendant's arrest on federal charges, no violation of § 3161(b) occurred.

Next, under § 3161(c)(1), when a plea of "not guilty" is entered, the defendant's trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  According to the Third Circuit, a defendant has not "appeared" for purposes of triggering the speedy trial clock until he or she has been arraigned and entered a not guilty plea.  *See United States v. Willaman*, 437 F.3d 354, 358 (3d Cir. 2006) (reasoning that "Congress intended when a defendant's first appearance before a judicial officer is after an indictment for purposes of section 3161(c)(1), the appearance must be an arraignment to trigger the 70-day period.  That result is consistent with section 3161(c)(1) as the section, by its terms, is applicable only in a 'case in which a plea of not guilty is entered' and until the arraignment there could not have been a plea.").

Once the speedy trial clock begins to run, certain periods of delay "shall be excluded in computing the time within which…the trial of any such offense must commence," including, as relevant here, (1) "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" and (2) "[a]ny period of delay resulting from a continuance…if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. §

3161(h)(6)–(7).  The Third Circuit has found that where a "continuance was a valid exclusion from the speedy trial clock for one co-defendant, it was valid as to all co-defendants." *United States v. Bush,* 741 F. App'x 110, 117 (3d Cir. 2018) (citing *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993)).

Here, Defendant did not "appear" before a judicial officer in the Western District of Pennsylvania (i.e., "the court in which the charge is pending"), and a plea of not guilty was not entered, until January 31, 2022.  *See* ECF No. 182.  The pretrial motions deadlines for Defendant's co-Defendants had not expired as of January 31, 2022, and, since that time, Defendant's co-Defendants have sought and been granted multiple extensions of time to file pretrial motions under § 3161(h)(7).  *See, e.g.,* ECF No. 255 (motion for extension of by co-Defendant Ryan Shoening on the grounds that "an extension of time in which Defendant can prepare and file his Pre-Trial Motions in this matter for an additional period of time would be in the best interest of justice and equity and would not be prejudicial to either party") and ECF No. 256 (Order granting ECF No. 255 pursuant to § 3161(h)(7) and extending Defendant Schoening's pretrial motions deadline to July 13, 2022);  ECF No. 310 (granting extension to co-Defendant Jackson under § 3161(h)(7) until August 19, 2022);  *see also Bloate v. United States*, 559 U.S. 196, 214 (2010) (finding that "a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on  recorded findings 'that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'").  As such, because no non-excludable days, let alone 70, have elapsed since Defendant's arraignment on January 31, 2022, no violation of § 3161(c)(1) can have occurred.

Therefore, Defendant's Motion to Dismiss, pursuant to § 3162(a), will be DENIED.

### B.     A Bill of Particulars is Not Warranted in This Case

The Court has previously considered, and denied with prejudice, a request for a bill of particulars by Defendant.  *See* ECF No. 234.  In so ruling, the Court found that, as a threshold matter, a bill of particulars is not warranted in this case because the indictment against Defendant is sufficient.  *See id.* at 2–3 (citations omitted).  Specifically, the Court noted that, "'[f]or an indictment to be sufficient, it must contain all the elements of a crime and adequately apprise the defendant of what he must be prepared to meet.'"  *Id.* at 3 (quoting *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012)).  As to the indictment here, the Court found that "the indictment informs [Defendant] of the specific crimes he is alleged to have committed, the approximate date(s) of said crimes, the type and quantity of the contraband substances he is alleged to have participated in trafficking, and the identities of his indicted alleged co-conspirators."  *Id.* (citing ECF No. 6).  Accordingly, the Court concluded that "the indictment is sufficient under Rule 7(c)(1), and that a bill of particulars is not warranted in this case."  *Id.* (citing *Moyer*, 674 F.3d  at 203–04 (affirming denial of bill of particulars where indictment was sufficient under Rule 7(c)(1)).

Defendant has not made any argument or presented any facts in his present Motion for a Bill of Particulars that would warrant the Court revisiting its earlier decision on the subject.  In addition, to the extent Defendant's Motion seeks to compel disclosure of *Brady* and/or *Giglio* materials, *see* ECF No. 273 at 3, the Government has represented, and continues to represent, that it is complying with its disclosure obligations and will turn over all *Brady*/*Giglio* materials in time for their effective use at trial.  *See* ECF No. 294 at 2–3;  *see also* ECF No. 234 (denying, without prejudice, Defendant's prior request to compel *Brady*/*Giglio* materials as premature "given the Government's production of discovery materials to Defendant, and its acknowledgment of its ongoing disclosure obligations").  As with his request for a bill of particulars, the Court sees no reason to reach a different conclusion at this time.

Accordingly, Defendant's Motion for a Bill of Particulars will be DENIED.

**C.      Certain Grand Jury Information Will Be Provided to Defendant**

Finally, Defendant seeks the disclosure of certain grand jury information, specifically, "[a]ll persons who are the Grand Jury and all persons who have been provided Grand Jury Material" and "[a]ll probable cause and discovery given to the grand jury in order to indict the Aggrieved Defendant."  ECF No. 278 at 1.  Defendant further argues that "[a]dditional unethical movement to indict can be seen in the bias [sic] act of not having a grand jury that is not a peer the [sic] defendant himself."  *Id.* at 2.

Federal Rule of Criminal Procedure 6(e)(2) embodies the longstanding policy that "matters occurring before the grand jury" are to remain secret.  *See In re Grand Jury Investigation,* 903 F.2d 180, 181–82 (3d Cir. 1990).  However, the secrecy surrounding grand jury matters is not absolute, such that "although criminal defendants generally have the right to inspect jury selection records under 28 U.S.C. § 1867(f), they are not normally entitled to the names of the members of the grand juries that indicted them."  *Id.* at 182;  *see also United States v. Siceloff,* 451 F. App'x 183 (3d Cir. 2011) (affirming denial of request for grand jury information and noting that, although "28 U.S.C. § 1867(f) 'grants access [to jury lists] in order to aid parties in the 'preparation' of motions challenging jury-selection procedures[,]'…[defendant], though, only made his request to uncover what information prospective jurors were given about his baseless tax-protest theory.") (citing *Test v. United States*, 420 U.S. 28, 30, (1975) (finding that, under § 1867(f), "a litigant has essentially an unqualified right to inspect jury lists").

In sum,

> "[t]he [Jury Selection and Service Act, 28 U.S.C. §§1861 *et seq.*] is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court.  *United States v. Rice*, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007).

6

> Rather, "[t]he right to inspection extends to all jury selection materials relevant to a complete determination of whether a grand or petit jury has in fact been selected at . . . random from a fair cross-section of the community." *United States v. McLernon*, 746 F.2d 1098, 1123 (6th Cir. 1984).

*United States v. Savage*, No. 07-550-03, 2012 U.S. Dist. LEXIS 142844, at *19–20 (E.D. Pa. Oct. 2, 2012).

Accordingly, to the extent Defendant seeks either (1) the names or other personal identifying information of the grand jury that returned the indictment against him or (2) the information provided to the grand jury that ultimately led to an indictment against him, his Motion to Compel will be DENIED. On the other hand, Defendant's Motion to Compel, liberally construed, seeks information regarding the composition of the grand jury. *See* ECF No. 278 at 2 (arguing for disclosure because "[a]dditional unethical movement to indict can be seen in the bias [sic] act of not having a grand jury that is not a peer the [sic] defendant himself."); *see also Higgs v. Att'y Gen. of the U.S.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.") (citations omitted). As such, and because Defendant has an essentially unqualified—but not unlimited—right to inspect jury selection materials, *see Savage*, 2012 U.S. Dist. LEXIS 142844, at *19 (noting that "since *Test*, federal courts have determined that the right to inspect jury selection records, although 'unqualified,' is not unlimited.") (collecting cases)*,* "as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section," 28 U.S.C. § 1867(f), Defendant's Motion to Compel, will be GRANTED IN PART, such that the Court will order limited disclosure of certain statistical information regarding the composition of the grand jury. *See Savage,* 2012 U.S. Dist. LEXIS 142844, at *23–24 (ordering disclosure of statistical information, including, e.g., "[t]he Plan of the Random Selection of Grand and Petit Jurors of 1968 for the Eastern District of Pennsylvania" and "Spreadsheets with statistical breakdowns by race and ethnicity for the jurors

contained on the 2007 Master Jury Wheel, 2009 Master Jury Wheel, and 2011 Master Jury Wheel").

### III.    Conclusion

For the reasons set forth above, the Court hereby ORDERS as follows:

1.  Defendant's Motion to Dismiss, ECF No. 272, is DENIED;

2.  Defendant's Motion for a Bill of Particulars, ECF No. 273, is DENIED; and

3.  Defendant's Motion to Compel, ECF No. 278, is GRANTED IN PART such that the Court will issue an appropriate accompanying Order describing the materials that the Clerk of Court shall produce to Defendant.  However, Defendant's Motion to Compel is DENIED to the extent he seeks any personal identifying information of the grand jurors or any information presented to the grand jury leading to the indictment in this case.

IT IS SO ORDERED.

DATED this 28th day of June, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record