IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KAREEM ROCK<br><br>  Defendant. | 2:21-CR-00358-CCW-4 |

**OPINION AND ORDER**

Before the Court is a Motion to Reduce Sentence filed by pro se Petitioner Kareem Rock. ECF No. 533.  In this Motion, Mr. Rock asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  For the following reasons, his Motion will be denied.

**I.   Background**

On August 24, 2021, Mr. Rock was charged with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 1), as well as possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 2).  ECF No. 6.  On August 30, 2022, he pled guilty to Counts 1 and 2, pursuant to a Rule 11(c)(1)(C) plea agreement.  ECF Nos. 353, 354.  On May 29, 2024, Mr. Rock was sentenced to the agreed-upon sentence of 120 months at each Count to run concurrently.  ECF Nos. 424, 425.

Mr. Rock's agreed-upon sentence represented a downward variance from his applicable Guideline range of 135 to 168 months of imprisonment. ECF No. 384 ¶ 74. Mr. Rock's guideline range was based upon a total offense level of 31 and a criminal history category of III. *Id*. Neither side objected to the Presentence Report. ECF Nos. 386, 398. Mr. Rock is currently incarcerated at FCI Bennettsville in South Carolina, and his current projected release date is January 24, 2030, according to the Bureau of Prisons Inmate Locator. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited Apr. 30, 2025).

## II.     Legal Standard

A district court can only modify a term of imprisonment once it has been imposed in a "few narrow" circumstances." *Freeman v. United States*, 564 U.S. 522, 526 (2011). After a defendant has exhausted his administrative remedies, a court may reduce the term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a), to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Section 1B1.13 of the Sentencing Guidelines enumerates specific instances in which "extraordinary and compelling reasons exist," including the defendant's: (1) medical circumstances; (2) age; (3) family circumstances; (4) history of abuse; (5) other reasons similar in gravity to those in (1) through (4); and (6) unusually long sentence. Section 1B1.13 also confirms that the Court needs to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before reducing a sentence.

### III. Legal Analysis

In his Motion, Mr. Rock identifies several circumstances that in his view, either alone or in combination, constitute extraordinary and compelling reasons to reduce his sentence. ECF No. 533. The United States does not contest Mr. Rock's exhaustion of administrative remedies. *See generally* ECF No. 537. Thus, the Court first will consider whether Mr. Rock has stated an extraordinary and compelling reason, and then, whether the § 3553(a) sentencing factors warrant early release.

#### A. Mr. Rock Has Not Established an Extraordinary and Compelling Reason

Mr. Rock asserts that the following, alone or in combination, constitute extraordinary and compelling reasons for reducing his sentence: (1) family circumstances, specifically the "emotional burden" he faces due to the deaths of several family members and the family's "loss of financial security" due to the closure of a family beauty supply store; (2) the harsh conditions of his confinement, including fear and anxiety he suffered due to alleged contamination of the water supply at FCI Bennettsville, and alleged inmate-on-inmate assaults; and (3) his rehabilitative efforts while in prison. ECF No. 533.

The Court disagrees that any of the foregoing are extraordinary and compelling reasons to reduce Mr. Rock's sentence. First, Mr. Rock's family circumstances do not rise to the level of extraordinary and compelling under Section 1B1.13(b)(3)(A)-(D) because relief under that provision is contingent on Mr. Rock assuming the role of caregiver for another, which he has not asserted here. And although the Court sympathizes with Mr. Rock's emotional distress due to the deaths of loved ones, Courts have held that emotional issues do not constitute extraordinary and compelling grounds for compassionate release. *See, e.g., United States v. Tarver*, Case No. 1:20-cr-731, 2024 WL 3675818, at *4 (N.D. Ohio Aug. 6, 2024). Similarly, "the loss of financial

3

security" Mr. Rock's incarceration has caused to his family does not rise to an extraordinary and compelling reason. *Id.*

Second, Mr. Rock's complaints about conditions of his confinement at FCI Bennettsville, including regarding alleged contamination of the water supply and alleged prisoner-on-prisoner violence at the facility, do not warrant a reduction in his sentence. As a threshold matter, Mr. Rock frames these concerns as violations of his Eighth Amendment right to be free from cruel and unusual punishment. ECF No. 533 at 2–3. To the extent his issues are framed this way, a motion for compassionate release is not a permissible vehicle for raising an alleged violation of the Eighth Amendment and this Court lacks jurisdiction to consider an Eighth Amendment challenge. *United States v. Winchester*, Crim. No. 18-290, 2024 WL 3378198 at *1 (W.D. Pa. July 11, 2024) (Conti, J.) (court lacked jurisdiction to consider Eighth Amendment claim under § 3582(c)(1)). In addition, Eighth Amendment claims must be brought in the district where the inmate is incarcerated, here South Carolina, not the Western District of Pennsylvania. *Id*. Even if Mr. Rock's assertions about conditions of confinement were not framed under the Eighth Amendment, they are conclusory and, in any event, the Court finds that they do not rise to the level of extraordinary and compelling, particularly since the allegations regarding the water supply and inmate safety at the institution impact all of the inmates at the institution, not just Mr. Rock.

Finally, Mr. Rock's efforts to rehabilitate himself while incarcerated, including taking multiple classes and remaining "incident free" for eleven months, do not constitute extraordinary and compelling reasons here.

### B.     The § 3553(a) Factors Do Not Warrant Early Release

Even if the Court were to find one or more extraordinary and compelling reasons to reduce Mr. Rock's sentence, the § 3553(a) factors weigh against his early release. The Court has carefully considered all applicable § 3553(a) factors, and in its discretion, declines to reduce Mr. Rock's 120-month term of incarceration, as that sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing. Specifically, for example, the Court considered Mr. Rock's history and characteristics, such as his prior convictions, as well as the nature and circumstances of his current offenses, which involved drug trafficking, including possession with intent to distribute than 500 grams or more of methamphetamine, 40 grams or more of fentanyl, and 50 grams or more of methamphetamine. ECF No. 353-1. And the Court also considered that Mr. Rock's criminal history, together with his trafficking of dangerous drugs, creates a serious risk of danger to the community, which strongly counsels against a reduction in sentence.

The Court also considered that Mr. Rock received substantial benefits under his plea agreement, including a sentence he specifically agreed to that was a downward variance from the Guideline range. Additionally, the Court considered that Mr. Rock has served less than half of his sentence and has a significant amount of time remaining on his agreed-upon sentence, which militates against compassionate release. *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (district court permitted to consider the amount of time remaining on defendant's sentence for purposes of compassionate release). Further shortening Mr. Rock's agreed-to sentence now would undermine the goals and purposes of the sentence this Court imposed. *See United States v. Calabretta*, No. 12-131, 2020 WL 6055441, at *3 (D.N.J. Oct. 14, 2020). Shortening Mr. Rock's sentence may also result in an unwarranted sentencing disparity between him and other defendants with similar criminal backgrounds who are serving sentences for committing similar offenses.

5

In summary, even if the Court had concluded that Mr. Rock has presented one or more extraordinary and compelling reasons, it would decline, in its discretion, to reduce his sentence because a reduction in his sentence is not warranted under the § 3553(a) factors. *See, e.g.*, *United States v. Balter*, No. 24-1988, 2024 WL 4274350, *1 n.1 (3d Cir. Sept. 24, 2024) (citing cases).

IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Mr. Rock's Motion to Reduce Sentence, ECF No. 533, is DENIED.

DATED this 30th day of April, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States mail):

KAREEM ROCK
73116-509
FCI Bennettsville

P.O. Box 52020
Bennettsville, SC 29512